IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN FITZGERALD LEGRAND        :
                               :
v.                             :   CIVIL NO. CCB-14-87
                               :   Criminal No. CCB-10-052
UNITED STATES OF AMERICA       :
                         ...o0o...

**MEMORANDUM**

On July 6, 2010, a federal jury convicted John Legrand of all counts in an eleven-count indictment charging him with conspiracy, Hobbs Act robbery, possession of a firearm in furtherance of a crime of violence, being a felon in possession of a firearm, witness tampering, obstruction of justice, and witness retaliation. The charges arose from his involvement in the robbery of a BP gas station on January 12, 2008 in Baltimore, Maryland; a Pizza Hut on January 21, 2008 in Dover, Pennsylvania; and a Burger King on January 23, 2008 in Baltimore, Maryland. He was sentenced to 40 years in prison. A timely appeal to the Fourth Circuit was denied, *United States v. Legrand*, 483 F. App'x 771 (4th Cir. 2012) (unpublished), as was his petition for certiorari to the Supreme Court. The present motion to vacate under 28 U.S.C. § 2255, also timely filed, has been fully briefed and will be denied for the reasons stated below.

The facts of this case have been set forth by the Fourth Circuit in its opinion and also by the government in its opposition to the motion to vacate. They will be repeated here only as necessary to explain the court's rulings. Furthermore, while the court has considered all of Legrand's arguments, including the numerous specific ways in which he contends trial counsel was ineffective, not all will be separately discussed in this opinion.

To prove the claims in his motion, Legrand must satisfy the familiar standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). He must show both "deficient" performance that

falls outside "the wide range of reasonable professional assistance" and prejudice, i.e., "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  466 U.S. at 689, 694; *Roach v. Martin*, 757 F.2d 1463, 1476-77 (4th Cir. 1985).

No. 1.  Legrand argues that counsel failed to call his then 15-year-old daughter as a witness but fails to show that she would have offered relevant and competent testimony.  His initial memorandum lists a number of statements he claims his daughter ("TH1") would have testified to, many having to do with the difficult relationship between her father and her mother, but he did not support them with an affidavit from TH1.  (Pet'r's Mem. of Law Supp. § 2255, at 3-6, ECF No. 120.)  Later, in his Reply to the government's opposition, he proffers that TH1 would provide an alibi for him "on January 12, 2008," during the robbery of the Pizza Hut, and "on January 9, 2008," during the robbery of the gas station.[1]  (Pet'r's Reply 3, ECF No. 131.) While he attaches his own affidavit to his Reply, Legrand once again fails to provide an affidavit from his daughter.  Thus, the record shows that defense counsel was aware of TH1, aware of her presence with her father at various other times during the relevant events, aware of the difficult family relationship, and aware of at least questions that had been raised about TH1's mental and emotional stability.  The record does not, however, contain any evidence to support Legrand's current claims as to the alibi and other testimony she would have offered, only some of which appears at all relevant to the defense.  Accordingly, neither deficient performance nor prejudice has been shown.[2]

Nos. 2, 8.  Legrand argues counsel was ineffective for advising him to stipulate to the effect of the robberies on interstate commerce, the presence (and absence) of his fingerprints on

---

[1] Legrand mistakes the dates of the robberies.  The Pizza Hut robbery occurred on January 21, 2008, and the gas station robbery occurred on January 12, 2008.

[2] Nor is there any evidence in the record to support Legrand's third claim that this court barred TH1 from testifying.

certain items, and the fact of a prior conviction. He has shown nothing erroneous about the stipulations, nor any reason to believe presentation of the evidence through a witness at trial would have been helpful. In particular, failure to stipulate to the fact of a prior conviction would have permitted the government to prove at least one of the prior felonies, both armed robberies, which the court precluded the government from proving under Rule 404(b).

Nos. 4, 6. Legrand claims counsel failed to challenge his warrantless arrest for the Burger King robbery and the probable cause for the warrant authorizing a search of his residence. But there was ample probable cause to arrest Legrand, and counsel did challenge the search of his residence. That challenge was rejected on direct appeal, where the Fourth Circuit found that the error, if any, in admitting evidence obtained during the search was harmless. *Legrand*, 483 F. App'x at 777.[3]

No. 5. Legrand asserts that trial counsel did not "allow" him to testify. The record shows that Legrand was fully advised of his rights, given additional time to reflect on his decision, and ultimately chose not to testify. Counsel may well have advised Legrand not to testify, particularly in light of the prior convictions that might have been used to impeach his credibility, but the decision was Legrand's. (Trial Tr. Day 5, at 2-7, July 6, 2010, ECF No. 95.) No deficiency in counsel's performance has been shown.

Finally, there was no violation of the Speedy Trial Act; defense counsel thoroughly impeached Errol Fulford; defense counsel did obtain the DVD of Legrand's interrogation, but that DVD would not have been admissible; the claim of juror misconduct is not supported by anything in the contemporaneous record; and Legrand has not identified any misconduct by the prosecutor during closing arguments.

---

[3] The Fourth Circuit applied the same analysis to Legrand's eleventh claim, for failure to object to a witness's out-of-court statement. *Id.* at 777-78.

In his Reply, Legrand abandoned his argument under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and substituted a claim that the court's aiding and abetting instruction was deficient as to the 18 U.S.C. § 924(c) charges.  The evidence showed that Errol Fulford pointed a gun at the cashier in Legrand's presence during the January 12, 2008, gas station robbery; that Legrand personally carried and brandished a gun during the Pizza Hut robbery on January 21, 2008; and that Legrand carried and brandished a gun during the January 23, 2008, robbery of the Burger King.  The only § 924(c) charge to which the aiding and abetting instruction related, therefore, was Count Three for the gas station robbery.  To the extent Legrand asserts this as a substantive claim, it is procedurally defaulted.  To the extent he raises it as an ineffective assistance of counsel claim, even assuming the instruction quoted by Legrand was erroneous, (*see* Trial Tr. Jury Instructions, at 38-40, July 6, 2010, ECF No. 101), the evidence that Legrand knew Fulford would and did carry and brandish a gun during the gas station robbery—as Legrand himself did during the other two robberies—was overwhelming.  Had defense counsel requested a more specific instruction, Legrand still would have been convicted.  In any event, the court's aiding and abetting instruction, considered in the context of all the other instructions, as it must be, sufficiently instructs the jury on the elements of brandishing a firearm and that the government must establish the defendant "intended" that the crime take place and that he engage in conduct "for the specific purpose" of carrying out that crime.  (*Id.* at 39-40.)

For these reasons, the court finds that no evidentiary hearing is necessary, and the motion to vacate under 28 U.S.C. § 2255 (ECF No. 116) will be **Denied**.  A certificate of appealability will not issue.  A separate Order follows.

| | |
|---|---|
| <u>January 28, 2015</u><br>Date | <u>         /S/                                   </u><br>Catherine C. Blake<br>United States District Judge |